## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION HATTIESBURG

| | | |
|---|---|---|
| DEIDRA GAMMILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:18-cv-210-KS-MTP |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DEIDRA GAMMILL ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, INC., and TRANS UNION, LLC ("Experian", "Equifax", and "Trans Union" respectively and "Defendants" collectively):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District.

**PARTIES**

4.  Plaintiff is an individual who was at all relevant times residing in Hattiesburg, Forrest County, Mississippi.

5.  Defendant Experian is a credit reporting agency that does business in Forrest County, Mississippi, and has a principal place of business located in Allen, Texas.

6.  Defendant Equifax is a credit reporting agency that does business in Forrest County, Mississippi, and has a principal place of business located in Atlanta, Georgia.

7.  Defendant Trans Union is a credit reporting agency that does business in Forrest County, Mississippi, and has a principal place of business located in Chicago, Illinois.

8.  At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

9.  At all relevant times, each Defendant was a "person" as that term is defined by the FCRA.

10. At all relevant times each Defendant was a "consumer reporting agency" as that term is defined by the FCRA.

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by the FCRA.

**FACTUAL ALLEGATIONS AS TO DEFENDANT EXPERIAN**

12. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

13. On or around September 17, 2018, Plaintiff sent a letter to Defendant Experian informing it of the inaccurate reporting of the trade-line that originated from a student loan.

14. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

15. Plaintiff requested that Defendant Experian correct the inaccuracy and provided evidence

showing the inaccuracy of the trade-line.

16. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

17. Plaintiff's letter explained that in April 2018, a balance credit in the amount of $8,000 as payment toward these loans should have been applied to the Navient accounts ending in 4100 and 6533.

18. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

### FACTUAL ALLEGATIONS AS TO DEFENDANT EQUIFAX

19. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

20. On or around September 17, 2018, Plaintiff sent a letter to Defendant Equifax informing it of the inaccurate reporting of the trade-line that originated from a student loan.

21. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

22. Plaintiff requested that Defendant Equifax correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

23. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

24. Plaintiff's letter explained that in April 2018, a balance credit in the amount of $8,000 as payment toward these loans should have been applied to the Navient accounts ending in 4100 and 6533.

3

25. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

## FACTUAL ALLEGATIONS AS TO DEFENDANT TRANS UNION

26. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

27. On or around September 17, 2018, Plaintiff sent a letter to Defendant Trans Union informing it of the inaccurate reporting of the trade-line that originated from a student loan.

28. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

29. Plaintiff requested that Defendant Trans Union correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

30. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

31. Plaintiff's letter explained that in April 2018, a balance credit in the amount of $8,000 as payment toward these loans should have been applied to the Navient accounts ending in 4100 and 6533.

32. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

## FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

33. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants, Defendants notified Navient of Plaintiff's dispute and the

nature of the dispute.

34. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants, Navient received notification from Defendants of Plaintiff's dispute and the nature of the dispute.

35. Upon information and belief, Defendants received the results of Navient's investigation as to Plaintiff's dispute.

36. Upon information and belief, Defendants updated the reporting of the account(s) at issue solely based upon the information it received from Navient in response to Plaintiff's dispute.

37. Despite Plaintiff's efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

38. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and

 e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

 a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

 b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

 c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

 d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

 e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

41. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DEIDRA GAMMILL, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

43. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

44. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DEIDRA GAMMILL, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT**

45. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

46. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

9

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

47. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DEIDRA GAMMILL, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 30, 2018        By: /s/ Shireen Hormozdi_____
                       Shireen Hormozdi
                       Hormozdi Law Firm, LLC
                       1770 Indian Trail Lilburn Road, Suite 175
                       Norcross, GA 30093
                       Tel: 678-395-7795
                       Fax: 866-929-2434
                       E-mail: shireen@norcrosslawfirm.com
                       Attorney for Plaintiff

11